UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

UGI ENERGY SERVICES, LLC, : 
          Plaintiff, :
 :
    v. :   No.  5:23-cv-3169
 :
EDWARD MANNING and PINNACLE :
ENERGY SOLUTIONS, LLC, :
          Defendants. :
_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 8 – Denied**
**Plaintiff's Motion to Remand and for Attorney's Fees, ECF No. 9 – Granted in part**

**Joseph F. Leeson, Jr.**                                                                                  **October 26, 2023**
**United States District Judge**

**I.**     **INTRODUCTION**

This case deals with the termination of an employment relationship, wherein the terminated employee started his own business to compete with his former employer, allegedly in violation of a restrictive covenant.  This case was initially filed by the plaintiff-employer, UGI Energy Services, LLC ("UGI") in state court, but removed by the defendant-employee, Edward Manning, and his business, Pinnacle Energy Solutions, LLC ("Pinnacle") (collectively "Defendants"), to this Court.  Now before the Court is Defendants' Motion to Dismiss for Improper Venue and UGI's Motion to Remand and for Attorney's Fees.  As further discussed below, this Court lacks jurisdiction and must remand the case.

**II.**     **BACKGROUND**

UGI is a natural gas and electricity provider headquartered in Wyomissing, which is in Berks County, Pennsylvania.  *See* Not. Remov., ECF No. 1, at Ex. 1 (hereinafter, "Compl.")

1
102423

¶¶ 1, 7.  Manning, a sales manager, was employed by UGI just shy of 13 years, during which time he solicited customers, negotiated energy service contracts, and conducted various services for existing UGI customers throughout Pennsylvania.  Compl. ¶¶ 8-10, 26.  In June of 2010, just prior to starting his role, Manning entered into a written employment agreement with UGI (the "Agreement").  Compl. ¶¶ 12-13.  The Agreement contained a restrictive covenant which, *inter alia*, sought to prevent Manning from competing with or soliciting customers from UGI at the end of his employment.  Compl. ¶¶ 14-18, Ex. A at 2.

In April 2023, Manning's employment with UGI was terminated.  Compl. ¶ 26.  Thereafter, Manning formed Pinnacle, which was in the business of connecting customers with energy service providers.  Compl. ¶¶ 28-29.  Believing that Manning was violating their Agreement, UGI brought suit and filed an emergency motion for a preliminary injunction in the Court of Common Pleas of Berks County, Pennsylvania.  *See* Compl.; Not. Remov. at Ex. 2.  The Complaint included claims for injunctive relief, tortious interference, and breach of contract.  Compl. at 10, 11, 12.  Defendants removed the case to this Court.  *See* Not. Remov.  Thereafter, Defendants filed a Motion to Dismiss for Improper Venue, requesting the Court to transfer this case to the Middle District of Pennsylvania, *see* Mot. Dismiss, ECF No. 8, and UGI filed a Motion to Remand, arguing that this Court lacks subject matter jurisdiction and requesting an award of attorney's fees.  *See* Mot. Remand, ECF No. 9.

### III.  LEGAL STANDARDS

#### A. Motion to Remand – Review of Applicable Law

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is

pending." *See also* 28 U.S.C. § 1446. "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking removal carries the burden of proving that removal is proper." *Carlyle,* 779 F.3d at 218.

In the district court's discretion, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This is so even if "the party who removed the case did not act in bad faith." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted) ("[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees[.]"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). *See also Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted. . . . *Martin* explicitly rejected the view that attorney's fees should presumptively, or automatically, be awarded on remand.").

**B. Motion to Dismiss under Rule 12(b)(3) – Review of Applicable Law**

"In considering a motion to dismiss for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the Complaint, unless contradicted by Defendants' affidavits." *Joe Hand Promotions, Inc. v. Shehadeh*, No. 18-4119, 2019 U.S. Dist.

LEXIS 79206, at *4 (E.D. Pa. May 10, 2019). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011).

## IV.   ANALYSIS

### A. Removal

Defendants removed the instant case to this Court, and therefore bear the burden to show that removal was proper. As previously mentioned, a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Here, Defendants assert in the Notice of Removal that jurisdiction is proper in this Court because several federal laws were allegedly violated by UGI during the formation and attempted enforcement of the disputed contract between the parties, as well as during the termination of Defendant Manning's employment.[1] *See* Not. Remov. ¶¶ 7-22. However, it is well-established that a defendant's intention to raise federal defenses or counterclaims to the claims against him does not establish a basis for removal. *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831-32

---

[1]   Defendants do not assert that diversity jurisdiction creates a basis for removal, nor could they, because all parties reside in Pennsylvania. Compl. ¶¶ 1-3.

(2002). It is not enough, as Defendants contend, that the issues raised in the Complaint are "closely intertwined with the federal issues" they plan to raise as counterclaims. *See* Not. Remov. ¶ 25. The well-pleaded Complaint in this case alleges solely state law claims, and therefore there is no jurisdictional basis for removal to this Court.

In their brief opposing the Motion to Remand, Defendants also argue that (1) proving the legality of the underlying contract under federal law is an element of a breach of contract claim, and (2) UGI's state law claims are preempted by federal law, both of which are valid bases for removal. Resp., ECF No. 13, at 5, 8. This Court rejects both arguments.

To establish federal question jurisdiction upon removal, "it is not enough that there be a 'substantial, disputed question of federal law'" unless that question is also "'a necessary element of one of the well-pleaded state claims' that federal jurisdiction can be found." *United Jersey Banks v. Parell*, 783 F.2d 360, 366 (3d Cir. 1986). The legality of a contract is not an element of a breach of contract claim, but rather, illegality is an affirmative defense to the enforcement of a contract. *See Revzip, LLC v. McDonnell*, No. 19-191, 2019 U.S. Dist. LEXIS 211836, at *10-11 (W.D. Pa. Dec. 9, 2019) (explaining that to establish a breach of contract claim in Pennsylvania, the plaintiff must prove: "(1) existence of a contract; (2) that the defendant breached a duty . . . imposed by that contract; and (3) damages caused by the breach") (citation omitted). *See also Robinson Coal Co. v. Goodall*, 72 A.3d 685, 690 (Pa. Super. 2013) (explaining that the "illegality" defense to a breach of contract claim by its nature presumes that "a viable breach of contract action exists but that the contract cannot be enforced since such action would involve violation of a statute"). Therefore, Defendants various arguments for why the contract was

invalid under federal law are proposed counterclaims or defenses, not elements of any of the well-pleaded claims.[2]

Further, whether or not the state law claims here are preempted is, again, a defense that does not provide an independent basis for this Court to exercise jurisdiction over this case. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Generally speaking, "preemption" is the power of federal law, derived from the Supremacy Clause of the United State Constitution, to substantively displace state law. *See Gibbons v. Ogden*, 22 U.S. 1, 211 (1824) (explaining that, pursuant to the Supremacy Clause, state law that is contrary to or interferes with federal law must yield to federal law). Ordinarily, preemption is a federal defense to a state law claim, which can be raised in either federal or state court. *See Caterpillar*, 482 U.S. at 393.  However, ordinary preemption is a distinct concept from the "complete preemption" doctrine, which is an exception to the well-pleaded complaint rule, wherein "Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Ry. Lab. Execs. Ass'n v. Pittsburgh & L. E. R. Co*., 858 F.2d 936, 941 (3d Cir. 1988). Therefore, when an area is completely preempted, which is a rare occurrence, it "necessarily arises under federal law for purposes of removal based on federal question jurisdiction." *Ry. Lab.*, 858 F.2d at 939 (cleaned up) (citation omitted). *See also Estate of Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393,

---

[2]   Although there are claims other than breach of contract, including one for tortious interference, Defendants only focus on the breach of contract claim in their various arguments.

408 (3d Cir. 2021) ("Complete preemption is rare. The Supreme Court has recognized only three completely preemptive statutes: [ERISA], the [LMRA,] and the National Bank Act." (cleaned up)).

The "doctrine of 'forum preemption'" is yet another related but distinct concept that "implements Congressional determinations that development of the substantive law in a particular area should be left to a particular administrative agency created for that purpose." *Ry. Lab.*, 858 F.2d at 943 (citation omitted). However, "just as 'ordinary preemption' issues are to be left to the state court where there is no complete preemption, . . . 'forum preemption' issues as well must be left for determinations after remand." *Id*. Therefore, where a district court lacks subject matter jurisdiction over a case that is not completely preempted, the court cannot resolve remaining preemption disputes, and the only appropriate course of action is to remand to state court. *See id*. at 943-44.

Here, Defendants argue that this case is completely preempted because UGI's claims are preempted by the National Labor Relations Act ("NLRA") or possibly the Labor Management Relations Act ("LMRA").[3] First, the Court fails to see how the LMRA, which specifically deals with lawsuits by and against labor unions, has any bearing on the case at hand which deals with an individual employment agreement.[4] *See Caterpillar*, 482 U.S. at 394-98, n.12 (explaining

---

[3] Defendants assert that "NLRB claims completely preempt state law[,]" and bring to the Court's attention that they have filed claims against UGI with the NLRB. *See* Resp. at 3, 8. Throughout their brief, Defendants refer to the NLRA interchangeably as the LMRA. *See* Resp. at 8 ("[t]he NRLA, also known as the Labor Management Relations Act"; "the LMRA (aka NLRA)").

[4] Passed in 1947, the LMRA amended the NLRA to codify similar restrictions against unfair labor practices to labor unions that already existed for employers. The Supreme Court has held that § 301 of the LMRA, governing lawsuits between employers and labor unions, completely preempts related state law claims. *Caterpillar*, 482 U.S. at 394 ("The pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of

that a state-law complaint for breach of individual employment contracts is not completely preempted by § 301 of the LMRA). Second, although couched as a complete preemption argument, Defendants' NLRA argument appears to be one of either ordinary or forum preemption.[5] *See id*. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court."). Defendants have not pointed to any "affirmative evidence of a Congressional intent to permit removal despite the plaintiff's exclusive reliance on state law."[6] *See Ry. Lab.*, 858 F.2d at 942-43. Moreover, courts in this circuit have consistently found that the NLRA does not completely preempt state law claims. *See, e.g., Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 262-63 (3d Cir. 2004) (explaining that although the plaintiff's state law claims could possibly be preempted by the NLRA, such preemption "is not the type of complete preemption that would provide Defendants with a basis for federal question jurisdiction"); *Briones v. Bon Secours*

---

contracts between an employer and a labor organization. Any such suit is purely a creature of federal law[.]") (internal marks and citation omitted). *See also* 29 U.S.C. § 185(a).

[5] At least one of the cases cited to by Defendants deals with forum preemption issues. Therefore, to the extent that Defendants are possibly arguing that the claims should be adjudicated by the National Labor Relations Board ("NLRB"), the Court has briefly addressed forum preemption as well.

[6] The only evidence cited by Defendants in their responsive briefing that could possibly be construed as support for their preemption argument are (1) various memoranda from federal agencies that do not carry the weight of law or evince Congressional intent, *see* Resp. at 6-7 (discussing a Notice of Proposed Rulemaking by the Federal Trade Commission and a press release issued by general counsel of the NLRB), and (2) cases discussing the doctrine of complete preemption which ultimately resulted in the federal court remanding back to state court. *See* Resp at 4-9; *see e.g.*, *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 313 (3d Cir. 1994) (remanding after finding state law claims not completely preempted); *Spaxel Spaulding, LLC v. Hassan*, No. 23-2622, 2023 U.S. Dist. LEXIS 102680, at *8 (N.D. Ga. June 13, 2023) (R. & R.) (recommending remand after finding defendant had not "demonstrated that any exception to the well-pleaded complaint rule applies"). Although Defendants assert that a "long series of cases has established that NLRB claims like the one at issue here completely preempt state law[,]" the only case cited to apparently support this proposition is *Spaxel Spaulding*, a case which not only resulted in remand, but does not even mention the NLRA or NLRB.

*Health Sys.*, 69 Fed. Appx. 530, 534-35 (3d Cir. 2003) (holding that the NLRA "do[es] not completely preempt state law and thus provide[s] no basis for removal jurisdiction"); *Thompson v. Harley-Davidson Motor Co.*, No. 20-50, 2020 U.S. Dist. LEXIS 98053, at *7-8 (M.D. Pa. June 4, 2020) ("Given the limited scope of the complete preemption doctrine, courts have declined to find complete preemption even where state law claims could fairly be characterized as claims under the NLRA."). Without any supportive evidence or precedent, this Court will not presume that Congress intended to make all claims related to an individual employment contract removable to federal court. Therefore, the doctrine of complete preemption is inapplicable, and because ordinary and forum preemption issues cannot create federal question jurisdiction for removal purposes, any preemption issues or defenses raised by Defendants must be left for the state court upon remand.

UGI argues that it is entitled to attorney's fees under § 1447(c) because the jurisdictional arguments offered by Defendants were meritless. Mot. Remand at 11-12. As previously mentioned, a district court has broad discretion whether to award fees and costs upon remand pursuant to § 1447(c). However, although subject matter jurisdiction is lacking, the Court disagrees that all of Defendants' removal arguments were objectively unreasonable, and the Court therefore declines to exercise its discretion to award fees in this case.

### B. Venue

Because the Court lacks subject matter jurisdiction, and this case must be remanded back to state court, the Court does not have jurisdiction to decide whether a venue located in Berks County is proper or not. Such dispute can only be resolved by the state court on remand. *See Allied Signal Recovery Tr. v. Allied Signal, Inc.,* 298 F.3d 263, 270 (3d Cir. 2002) (explaining

that a district court may only remand a case back to the state court that it came from, because "'remand' means 'send back.' It does not mean 'send elsewhere'" (cleaned up)).

## V.   CONCLUSION

Since this Court lacks subject matter jurisdiction over the instant case, and for the reasons articulated above, UGI's motion to remand is granted.  However, UGI's request for attorney's fees and costs is denied.  In light of this decision, the Court must also dismiss Defendants' venue motion, which the Court does not have jurisdiction to decide.

A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge